UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF S.T., <br><br> Plaintiff. | Case No. 25-mc-80102-NW <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782** <br><br> Re: ECF No. 2 |

Applicant S.T., a pseudonymous minor ("Applicant"), filed this *ex parte* application for an order pursuant to 28 U.S.C. § 1782 for discovery from a local corporation, Meta Platforms, Inc. ("Meta"), for Applicant's use in a foreign proceeding. Application, ECF No. 1 ("Appl."). Having considered Applicant's brief, supporting evidence, and the relevant legal authority, the Court GRANTS the application for the reasons set forth below.

**I.   BACKGROUND**

Applicant is a Japanese female high school student under the age of eighteen. Appl. at 2. She brings this application by and through her parents M.T. and F.T. *Id*. Meta owns and operates Instagram, a social media platform, and its principal office is in Menlo Park, California. *Id*. In or around November 2024, Applicant began receiving threatening messages and unwanted communications on Instagram. *Id*. Applicant explains that anonymous Instagram account holders (the "Anonymous Individuals") used as many as 40 different accounts to send inappropriate messages to Applicant. *Id*. Applicant intends to file civil lawsuits in Japan against the Anonymous Individuals, as soon as they are identified. *Id*. Applicant anticipates bringing claims related to stalking and "threatening behavior" under Japanese tort law. *Id*.

Applicant seeks authorization from this Court to conduct limited discovery by serving a

subpoena on Meta. *Id*. at 3. Applicant requires discovery from Meta of personal identifying information that can be used to identify the Anonymous Individuals. *Id*. at 3. Applicant submits a copy of her proposed subpoena as Attachment 1 to the Application. *Id*., Ex. 1. The proposed subpoena contains two Requests for Production:

> **REQUEST FOR PRODUCTION NO. 1.** ALL DOCUMENTS showing the following information ever registered with each of the ACCOUNTS:
>
> (i) ALL names, addresses, e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers;
>
> (ii) ALL names, telephone numbers and addresses (including billing and shipping addresses, and postal codes) of ALL payment methods registered to each of the ACCOUNTS, including but not limited to credit cards (but not the credit card number, expiration date, or card validation code) and bank accounts, and the name of the company or financial institution associated with each such payment method.
>
> **REQUEST FOR PRODUCTION NO. 2.** ALL DOCUMENTS showing the following information as of the date that each of the ACCOUNTS was created, and for the three-month period immediately preceding November 12, 2024 and until the date that you respond to this request: ALL access log information (IP addresses, corresponding port numbers, corresponding dates and times, access type, and corresponding destination IP addresses) of each of the ACCOUNTS.

*Id*., Ex. 1 at 2.

Applicant contends that "courts of Japan are receptive to assistance in discovery by U.S. federal courts," and that she is "not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States." *Id*. at 7-8.

**II.   LEGAL STANDARD**

    **A.   Discovery Pursuant to 28 U.S.C. § 1782**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or

2

>international tribunal . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

The statute outlines a three-part test in deciding whether to grant a section 1782 application: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *In re Ex Parte Apple Inc.*, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (quotation omitted). As soon as the three statutory requirements have been met, "a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004) (quotation omitted).

However, "[a] district court is not required to grant the application" and "instead retains discretion to determine what discovery, if any, should be permitted." *Cryolife, Inc. v. Tenaxis, Inc.*, 2009 WL 88348, at *1 (N.D. Cal. Jan. 13, 2009) (citing *Intel Corp.*, 542 U.S. at 264). The Supreme Court provided several non-exclusive factors (the "*Intel* factors") for district courts to consider in exercising their discretion: "(1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request is an 'attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery requested is 'unduly intrusive or burdensome.'" *In re Ex Parte Apple Inc.*, 2012 WL 1570043 at *1 (quoting *Intel Corp.*, 542 U.S. at 264-65).

### B. *Ex Parte* Filing of Application

Section 1782 petitions are regularly reviewed on an *ex parte* basis. *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976); *In re Gliner*, 133 F.4th 927, 930 n. 1 (9th Cir. 2025). Orders granting section 1782 applications typically provide only that discovery is "authorized." Therefore, the party that discovery is requested from may still raise objections and exercise due process rights by challenging the discovery authorization with a

motion to quash, which mitigates any concerns about unfairness in granting the application on an *ex parte* basis. *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file ex parte applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." (footnote and quotation omitted)).

## III. DISCUSSION

In determining whether to grant Applicant's request, the Court considers first the three-part test under section 1782, and next weighs the four *Intel* factors.

### A. 28 U.S.C. § 1782 Threshold Three-Part Test

Applicant meets the requirements of the threshold three-part test. First, "the discovery sought is from a person residing in the district court to which the application is made" because Applicant seeks discovery from Meta, which is principally located in Menlo Park, California within this Court's jurisdiction in the Northern District of California. Second, "the discovery is for use in a proceeding before a foreign tribunal" because Applicant seeks to use the discovery she requests from Meta to support her anticipated civil lawsuit against the Anonymous Individuals in Japan. Third, and finally, Applicant qualifies as an "interested person" because she will be a participant in the proceedings in Japan. Accordingly, Applicant successfully meets the statutory requirements of the three-part test under section 1782. *See In re Ex Parte Apple Inc.*, 2012 WL 1570043 at *1.

### B. *Intel* Factors

After finding that the three-part test under section 1782 has been met, the Court retains discretion to decide what discovery, if any, should be permitted. The Court weighs the four *Intel* factors to determine the scope of discovery. *Id*.

#### 1. Participant in a Foreign Proceeding

The first *Intel* factor asks whether the corporation "from whom discovery is sought is a participant in the foreign proceeding." *Intel Corp.*, 542 U.S. at 264. If the corporation is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "a foreign tribunal

has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* Nothing suggests that Meta will be a participant in the anticipated litigation in Japan. This factor weighs in favor of granting the application.

### 2.   Nature of Foreign Tribunal and Receptivity to U.S. Judicial Assistance

The second *Intel* factor requires the Court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id.* There is no evidence suggesting that a Japanese court would be unreceptive to the discovery Applicant seeks. Case law suggests that Japanese courts are generally receptive to discovery taken in the United States pursuant to section 1782. *See, e.g.*, *In re Letters Rogatory from Tokyo*, 539 F.2d at 1219; *In re Med. Corp. H&S*, 2019 WL 2299953, at *3 (N.D. Cal. May 30, 2019) (holding the second *Intel* factor weighs in favor of authorizing service of the subpoena when there is an absence of evidence that Japanese courts would object to discovery). This factor weighs in favor of granting the application.

### 3.   Attempt to Circumvent Foreign Proof-Gathering Restrictions

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65. There is no evidence that Applicant is attempting to circumvent restrictions in Japan or in the United States. *See* Appl. at 8. Further, the discovery Applicant seeks is within the United States and is outside of the reach of the Japanese court. This factor also weighs in favor of granting the application.

### 4.   Undue Intrusion or Burden

The fourth *Intel* factor is whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1). Applicant's

5

requested information is relevant to her claims as the identities of those sending the messages are necessary for her to bring her anticipated harassment claims, and the scope of her request is limited to gathering information only about the Anonymous Individuals. *See In re Gianasso*, 2012 WL 651647, at *2 (N.D. Cal. February 28, 2012) (granting a § 1782 request to issue a subpoena for the name and address of an unknown individual for a civil defamation proceeding); *In re Roebers*, 2012 WL 2862122, at *3 (N.D. Cal. July 11, 2012) (finding § 1782 application to subpoena Apple, Inc. and Yahoo! Inc. for identifying documents was not overly burdensome). Applicant's request is narrowly tailored and is not overly intrusive, and therefore, this factor weighs in favor of granting the application.

To further alleviate the potential burden, the Court orders that the return date for Applicant's subpoena must be at least 45 days after the date Applicant serves the subpoena.

The Court finds that Applicant meets the statutory requirements under section 1782, and that the *Intel* factors weigh in favor of granting the Application.

## IV.  CONCLUSION

The Court GRANTS Applicant's section 1782 application. Applicant may serve the subpoena attached to its application (Appl., Ex. 1) without prejudice to any motion to quash that Meta or any other appropriate party may wish to file.

**IT IS SO ORDERED.**

Dated: May 29, 2025

Noël Wise
United States District Judge